IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Android Taylor,<br>    Petitioner, | )<br>)<br>) | |
| v. | ) | 1:10cv309 (TSE/TCB) |
| Gene M. Johnson,<br>    Respondent. | )<br>)<br>) | |

## MEMORANDUM OPINION

Android Taylor, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of an administrative decision that resulted in a loss of good time credits and an extension of his release date by six weeks. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Taylor was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on September 28, 2010. For the reasons that follow, Taylor's claims must be dismissed.

### I. Background

On October 1, 2008 at Greensville Correctional Center (GCC), Taylor was charged with Disciplinary Offense Code 129—gathering around or approaching any person in a threatening or intimidating manner. See Mem. 1, ECF No. 2. Taylor was served with a copy of the offense report and offered a "penalty offer" of ten days in isolation, which he declined. See id. A disciplinary hearing was held before Hearings Officer Duggar on October 9, 2008, at which both Taylor and the officer who wrote the original offense report—Caroline Parker— testified, and a written statement from inmate D. Rios was considered. See Mem. 3, ECF No. 2. Taylor was found guilty and received a disciplinary sanction of ten days isolation. See Mem. 3, ECF No. 2.

Taylor appealed the decision to the Warden of GCC and the Regional Director, and the decision was upheld. See id. Specifically, the Regional Director explained that the documentary evidence Taylor wished to present was not relevant to the disciplinary charge, the hearing Taylor received was fair and in compliance with operating procedures, and the evidence presented at the hearing supported the charge. See Mem. Ex. 7, at 45, ECF No. 2-1. Because Taylor had been found guilty at the disciplinary hearing, the Virginia Department of Corrections changed Taylor's good-time earning level from Level I to Level II, which extended Taylor's release date by six weeks. See Mem. 4, ECF No. 2.

Taylor filed a petition for writ of habeas corpus in the Supreme Court of Virginia, arguing that his rights had been violated because (1) the record at the disciplinary proceeding lacked any reliable evidence to support a conclusion that petitioner was guilty, (2) petitioner was not afforded a full and fair hearing by a disinterested and unbiased tribunal, (3) petitioner was denied the opportunity to present relevant documentary evidence at the disciplinary hearing, and (4) the hearings officer used the incorrect legal standard to find petitioner guilty. The Supreme Court of Virginia dismissed the petition on March 5, 2010. Taylor v. Director, Dept. of Corr., R. No. 100185 (Va. March 5, 2010), ECF No. 16-3. On March 9, 2010, Taylor filed the instant federal habeas petition,[1] in which he makes the same arguments that he raised in his state habeas petition. Based on the pleadings and record before this Court, it is uncontested that Taylor

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In his petition, Taylor states that he placed the petition in the prison mailing system on March 9, 2010. In a letter dated March 23, 2010 that was mailed with his petition, Taylor states that his petition was returned to him on March 22, 2010 because he had used the incorrect mailing address for the court. The petition was received on March 26, 2010. Because the petition is clearly without merit, the issue of which date the petition was filed will not be explored further.

exhausted all of his claims as required under 28 U.S.C. § 2254. Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

## III. Analysis

Taylor argues that his due process rights were violated at the disciplinary review hearing because (1) the record at the disciplinary proceeding lacked any reliable evidence to support a conclusion that petitioner was guilty, (2) petitioner was not afforded a full and fair hearing by a disinterested and unbiased tribunal, (3) petitioner was denied the opportunity to present relevant documentary evidence at the disciplinary hearing, and (4) the hearings officer used the incorrect legal standard to find petitioner guilty. The Supreme Court of Virginia rejected these claims on the merits by issuing an order stating:

> "On consideration of this case, the Court is of the opinion that the petition filed herein is frivolous and that the writ of habeas corpus should not issue as prayed for. It is therefore ordered that the said petition be dismissed."

Taylor v. Director, Dept. of Corr., R. No. 100185 (Va. March 5, 2010), ECF No. 16-3. In reviewing the state court's decision, Taylor fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

Procedural due process claims are analyzed in two steps. First, a court must determine whether there is a liberty or property interest that has been interfered with by the state. See Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460 (1989). Then, a court must determine whether the procedures connected to that deprivation were constitutionally sufficient. Id. When an inmate is subject to prison disciplinary proceedings that result in the deprivation of a protected liberty interest—such as the loss of good time credits—he must be afforded the following due process safeguards: (1) the right to appear before an impartial decision-making body; (2) written notice of the charges in advance of the disciplinary hearing; (3) an opportunity

to call witnesses and present documentary evidence, provided the presentation does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the factfinder as to the evidence relied upon and the rationale behind the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-72 (1974).

Here, Taylor fails to show that the Supreme Court of Virginia's decision was either contrary to, or an unreasonable application of, clearly established federal law. Moreover, Taylor has failed to provide clear and convincing evidence to rebut the Supreme Court of Virginia's implicit factual findings that (1) the decision-making body at the disciplinary hearing was impartial, (2) Taylor received written notice of the charges in advance of the disciplinary hearing, (3) Taylor had the opportunity to call witnesses and present documentary evidence, (4) Taylor received appropriate assistance from an inmate representative and (5) Taylor received a written decision by the factfinder as to the evidence relied upon and the rationale behind the disciplinary action. See Miller-El, 545 U.S. at 240. Therefore, the Motion to Dismiss must be granted.

### V. Conclusion

For the above stated reasons, this petition must be dismissed. An appropriate Order shall issue.

Entered this  11th  day of  March  2011.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge